**In re PEAK BUILDING CORP., Debtor.**

**Bankruptcy No. 93–11832.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 7, 1993.

Joseph J. Reale, Jr., Visconte & Petrocelli, Ltd., Providence, RI, for debtor.

Everett A. Petronio, Johnston, RI, for petitioners.

## ORDER DENYING PETITIONER'S MO-TION FOR RECONSIDERATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Motion of Petitioning Creditors, Gem Plumbing and Heating Co., Inc., Spino Bros., Inc., N.E. HVAC & Controls, and Dykeman Electric Company, Inc., for Reconsideration of our August 13, 1993 Order granting Debtor's motion for abstention, pursuant to 11 U.S.C. § 305(a). Peak objects to the motion to reconsider on the ground that it misstates both the facts and the law in this matter. We agree.

■ The Petitioning Creditors argue that they were not afforded a hearing on the Debtor's request for abstention. The opportunity for hearing lapsed, however, when the Movants failed to file a written objection to the motion as required by Local Bankruptcy Rule 10. Accordingly, their opportunity for hearing was waived, and the motion was granted, without hearing.

Specifically, Local Rule 10(c) provides, in relevant part, that:

Within ten (10) days after service ... any party against whom a 'pleading' is filed, or any other party to the action who objects to the relief sought therein, *shall serve and file an objection to that pleading.*

Subsection (d) then states that:

If no objections are filed to a pleading within the time period prescribed in paragraph (c), the pleading *will be deemed unopposed and will be granted, <u>unless</u>*

1) the requested relief is prohibited by law; or

2) the requested relief is against public policy; or

3) in the opinion of the Court the interest of justice requires the sua sponte denial of the unopposed motion.

Local Bankruptcy Rule 10(d) (emphasis added).

Here, with none of the exceptions to Rule 10(d) present, the motion was granted by endorsement order. The Petitioners' filing of the instant motion to reconsider is nothing more than an attempt to avoid the consequences of their failure to comply with a clear and unambiguous rule which by now is well known in this jurisdiction. This type of "end run" around Local Rule 10(c), if permitted, would make a mockery of the rule. Therefore, the Movants' request for relief is DENIED.

Finally, we need to comment on the Petitioners' complaint with the Court's dismissal of the case, as well as the Debtor's suggestion that the Court acted *sua sponte*. Both parties are apparently unversed regarding abstention.

■ 11 U.S.C. § 305(a), which is the statutory predicate upon which the Debtor based its motion for abstention, provides:

(a) The court, after notice and a hearing,[1] may *dismiss* a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a) (emphasis added).

■ The abstention provision expressly refers to, and contemplates within it, dismissal of the case as the form of abstention. This is the relief requested by the Debtor, it is the relief granted by the Court, and our action in ordering dismissal of the case was taken neither *ex parte*, as suggested by the Petitioners, nor *sua sponte*, as suggested by the Debtor.

Enter Judgment consistent with this opinion.

---

**1.** The reference to "hearing" in this section refers to the *opportunity* for a hearing in the event a timely objection is filed. Where, as here, no objection was made, the opportunity for hearing is waived.